ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 APR -4 A 9 56
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MISAEL TENA BALTAZAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 313-091 |
| | ) | |
| STACEY N. STONE, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, brought the above-captioned petition under 28 U.S.C. § 2241.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and this civil action **CLOSED**.[2]

I. **BACKGROUND**

Petitioner pleaded guilty in the United States District Court for the Middle District of Florida to one count of conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine. United States v. Baltazar, 8:11-cr-00580, doc. nos. 54, 71,

---

[1] Petitioner requested and was denied permission to proceed *in forma pauperis*. (Doc. nos. 2, 4.) The Court ordered Petitioner to pay the $5.00 filing fee, but he has failed to comply.

[2] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

77, 79 (M.D. Fla. May 25, 2012) (hereinafter "CR 811-580"). On May 24, 2012 he was sentenced to 60 months of imprisonment and 24 months of supervised release. (Id., doc. no. 79.) Petitioner did not file a direct appeal of his conviction and sentence, nor did he file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. no. 1, pp. 2, 7.)

On December 13, 2013, the Clerk filed the instant § 2241 petition, signed by Petitioner on December 9, 2013, in which Petitioner asserts the following four grounds for relief: (1) counsel was ineffective for failing to request certain sentence reductions; (2) the District Court erred by failing to apply these same reductions; (3) his sentence is illegal because he did not understand his sentence as a result of his attorney's ineffectiveness; and (4) counsel was ineffective and the District Court abused its discretion in sentencing him, resulting in violations of Petitioner's constitutional rights. (Id. at 3-6.) Petitioner states that he filed a § 2241 petition because were he to file a § 2255 motion, it would be barred as untimely. (Id. at 7.)

## II. DISCUSSION

The primary purpose of a § 2241 petition is to provide the means for a prisoner to challenge the execution of his sentence. Here, Petitioner challenges the validity of his sentence, not its execution, as he claims that various improprieties on the part of the sentencing court and his attorney resulted in an erroneous sentence.

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*); see also Jones v. Warden, FCC Coleman-Medium, 520 F. App'x 942, 944

(11th Cir. 2013) (*per curiam*). In the instant case, Petitioner has attempted to attack the validity of his sentence under § 2241 because a § 2255 motion would likely be barred by the one-year statute of limitations in § 2255(f). However, a federal prisoner may only resort to § 2241 to challenge the validity of his conviction or sentence upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255(e). "[S]imply because a defendant faces a procedural bar in his first § 2255 motion—such as a limitations period or procedural default—this also does not render the first § 2255 motion inadequate or ineffective."[3] Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1272 (11th Cir. 2013). Rather, a petitioner seeking to invoke the savings clause must meet tightly circumscribed requirements.

Indeed, the long and tortured history of the application of the savings clause, as well as the particularity of the factual circumstances in which it may be properly invoked, was recently reviewed in Bryant. 738 F.3d at 1262-74 (synthesizing Eleventh Circuit savings clause tests and enumerating five-part test for applying savings clause in the context of challenge to enhanced sentence under Armed Career Criminal Act, 18 U.S.C. § 924(e)). Although the factual circumstances under which the savings clause applies may at times be murky, it is clear that a prisoner may not use the savings clause to circumvent the requirements for filing § 2255 motions. See Bryant, 738 F.3d at 1274; Wofford, 177 F.3d at 1245; Sanders v. United States, 349 F. App'x 465, 466-67 (11th Cir. 2009) (*per curiam*) (savings clause did not apply simply because prior § 2255

---

[3] This exception applies whether the petitioner has failed to apply for § 2255 relief or has applied for and been denied such relief. Bryant, 738 F.3d at 1263.

motions were barred as untimely); Hughes v. Sec'y, Florida Dep't of Corr., 330 F. App'x 876, 877-78 (11th Cir. 2009) (*per curiam*) (savings clause did not apply when § 2255 motion would be barred as successive or untimely).

Here, Petitioner concedes that he that brought this action under § 2241 because he believes his claims would be time-barred if he attempted to bring them in a § 2255 motion. (Doc. no. 1, p. 7.) As such, the instant § 2241 petition constitutes an improper attempt by Petitioner to circumvent the one-year statute of limitations period applicable to § 2255 motions. See Bryant, 738 F.3d at 1274; Wofford, 177 F.3d at 1245.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and this civil action **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of April, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

4